IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| VERNESA SEYMOUR, <br><br> Plaintiff, <br><br> v. <br><br> AUTO-JET MUFFLER CORP., and KELLE VOS and JOHN RAPP in their individual and representative capacities, <br><br> Defendant. | Case No. 4:22-cv-367_____ <br><br><br><br><br> PLAINTIFF'S COMPLAINT AND JURY DEMAND |

COMES NOW the Plaintiff, Vernesa Seymour, by and through her attorneys, and for her cause of action states as follows:

### INTRODUCTION

1. This is an action brought against Defendants for their violations of the Families First Coronavirus Response Act ("FFCRA") and the Emergency Paid Sick Leave Act of 2020 ("EPSLA").

### JURISDICTION AND VENUE

2. Plaintiff's claims arise under the laws of the United States; therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff Vernesa Seymour is a resident and citizen of Johnston, Polk County, Iowa.

4. Defendant Auto-Jet Muffler Corp. ("Auto-Jet") is an Iowa corporation with its principal place of business in Clive, Polk County, Iowa.

5. Ms. Seymour is a former employee of Defendant Auto-Jet.

6. Defendant Kelle Vos is the General Manager for Auto-Jet.

7. Upon information and belief, Defendant Vos resides in Ankeny, Polk County, Iowa.

8. Defendant John Rapp is the Chief Executive Officer of Auto-Jet.

9. Upon information and belief, Rapp is a resident and citizen of West Des Moines, Polk County, Iowa.

10. The acts of which Plaintiff complains occurred in Clive, Polk County, Iowa.

### SUMMARY OF STATUTORY VIOLATIONS

11. Congress passed the FFCRA in March 2020 to address issues stemming from the COVID-19 pandemic.

12. The EPSLA, effective as of April 2, 2020, was a part of the FFCRA until it expired on December 31, 2020.

13. The EPSLA required employers like "Auto-Jet" to provide up to two weeks of paid sick leave for employees who are or may be infected with COVID-19. Specifically, the statute required such leave "to the extent that the employee is unable to work ... due to a need for leave because: ... (1) [t]he employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19"; "(2) [t]he employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19"; or "(3) [t]he employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis."

14. The EPSLA made it unlawful to "discharge, discipline, or in any other manner discriminate" against an employee who takes leave under the act."

15. The EPSLA relied upon enforcement provisions laid out in the Fair Labor Standards Act (FLSA).

16. An employer that willfully violated the EPSLA's prohibition against discharging an employee who takes COVID leave is subject to FLSA penalties, including "legal or equitable relief," reinstatement, lost wages, liquidated damages, and attorney's fees and costs.

## FACTS

1. Defendant Auto-Jet hired Ms. Seymour on October 20, 2020.

2. Ms. Seymour's first day of work was October 26, 2020.

3. She spent most of the first week of her employment learning about the company's products and production process.

4. During this time, Ms. Seymour felt her training was proceeding well and had nothing but positive interactions with her superiors and co-workers.

5. On Friday, October 30, 2020, Ms. Seymour began experiencing severe headaches.

6. Before the close of business on that day, CEO Rapp conveyed that Ms. Seymour was doing a great job and that he liked and trusted her.

7. On Saturday, October 31, 2020, Ms. Seymour completely lost her sense of taste.

8. Realizing that her symptoms were consistent with COVID-19, she got tested and informed in supervisor, General Manager Kelle Vos.

9. On Monday, November 2, 2020, Ms. Seymour received her test results indicating that she had tested positive for COVID-19.

10. Ms. Seymour called Mr. Vos and informed him of the results and that she would require time off to recover and quarantine.

11. On the morning of Tuesday, November 3, 2020, Mr. Vos invited Ms. Seymour to a Facetime meeting, at which time Mr. Vos informed Ms. Seymour that he and CEO Rapp had decided to terminate Ms. Seymour's employment.

12. When Ms. Seymour asked for a reason for the termination, Mr. Vos refused to give her a direct answer.

13. The timing of Ms. Seymour's termination, the absence of any criticism of her work performance, and Auto-Jet's failure to explain its reasons for suddenly terminating is evidence that Defendants retaliated against Ms. Seymour for her need to take leave under the FFCRA and EPSLA.

## COUNT I
## VIOLATION OF THE FFCRA, EPSLA, AND FLSA

17. Plaintiff incorporates by reference all prior paragraphs set forth in this Complaint.

18. The EPSLA was enacted in response to the COVID-19 pandemic.

19. Plaintiff was an eligible employee under the EPSLA and Defendants were a regulated employer under the EPSLA.

20. Plaintiff was diagnosed with COVID and was eligible for paid leave under the EPSLA.

21. Plaintiff was engaged in a statutorily protected activity when she required leave due to her COVID-19 diagnosis.

22. Defendant failed to grant Plaintiff paid leave as required by the EPSLA.

23. Defendant retaliated against Plaintiff for requesting protected leave by summarily terminating her employment.

24. Plaintiff has sustained damages as a result of Defendants' unlawful and retaliatory decision to terminate her for requesting COVID leave.

WHEREFORE the Plaintiff prays that the Court find that the Defendants unlawfully discharged and retaliated against the Plaintiff and award Plaintiff all relief available to her

pursuant to Defendants' unlawful actions, including but not limited to legal or equitable relief, reinstatement, lost wages, liquidated damages, attorney's fees and costs; and any further relief as the Court deems just and proper.

## JURY DEMAND

COMES NOW the Plaintiff, Vernesa Seymour, and hereby requests a trial by jury in the above-captioned matter.

Dated: October 26, 2022

                                                    Respectfully Submitted,

                                                    ___*/s/Leonard Bates*_____
                                                    Leonard Bates AT0010869
                                                    lbates@newkirklaw.com
                                                    521 E. Locust Street, Suite 300
                                                    Des Moines, IA 50309
                                                    Telephone: (515) 883-2000
                                                    ATTORNEYS FOR PLAINTIFF

Original Filed
Copies to all parties via EDMS.